[No. 14435.   Department Two. — May 21, 1892.]

## JERRY CULVERHOUSE, RESPONDENT, *v.* E. T. CROSAN ET UX., APPELLANTS.

AMENDMENT OF AMENDED ANSWER — CONTINUANCE — TERMS OF AMENDMENT — DISCRETION. — It is not an abuse of discretion for the trial court to refuse, except upon the terms of payment of a sum of money to plaintiff, to allow the defendants, in an action to foreclose a mortgage, leave to file an amendment to their amended answer, setting up an offer of rescission of the contract, which they claimed was without consideration and tainted with fraud, where it appears that the cause had been on the calendar for two years, and that the amount fixed by the court was to reimburse the actual expenditures of the plaintiff in coming a considerable distance to the place of trial with counsel, which would be of no avail if the amendment was allowed, because of the necessity of a continuance.

APPEAL from a judgment of the Superior Court of Modoc County, and from an order denying a new trial.

The facts are stated in the opinion.

*Spencer & Raker,* and *Clarence A. Raker,* for Appellant.

*Clay W. Taylor,* and *Chauncey H. Dunn,* for Respondent.

FOOTE, C. — This appeal is from a judgment of foreclosure and sale of certain mortgaged premises, and from an order denying a new trial.

The main question in the case is, whether or not the trial court abused its discretion in refusing the defendants leave to file an amendment to their amended answer.

It appears that when the case was called for trial, the defendants, evidently supposing that it was necessary to their defense that it should be pleaded and proved that they had, within a reasonable time, offered to rescind the contract, which they claimed to be without consideration, and tainted with fraudulent representations of the original holder of the note secured by the mortgage sought to be foreclosed, asked leave to file an amendment to the *amended answer.*   This the court refused to allow, under the circumstances surrounding the matter,

unless the defendants would pay sixty-five dollars, " as terms," to the plaintiff.

It appears that this was to cover certain expenditures of the plaintiff in coming to the place of trial with counsel, which would be of no avail if the amendment was allowed, because a continuance of the cause would become necessary.

In this connection, it appears further that the cause had been upon the calendar for two years; that the plaintiff and his attorney had come from Redding, in Shasta County, a considerable distance from Alturas, Modoc County (the place of trial); and that what was asked was to reimburse plaintiff for actual expenditures, not including the use of a private team of horses.

The defendants did not seem to be decidedly averse to paying this money as a consideration to filing the amendment, but wanted it included in the general bill of costs.   But this the plaintiff objected to as not likely to result in his ever getting the money, as the mortgaged property he claimed not to be sufficient to pay the debt then due.   The court seemed to think that as the defendants had so long delayed their proposed amendment, and had compelled the plaintiff to come with counsel from a distant place, putting him to this expense, and that an amendment would necessitate a continuance, justice required that the defendants should reimburse plaintiff then and there for the money thus expended, which otherwise he would not perhaps obtain from defendants.

We cannot say that this action of the court was in violation of the terms of section 473 of the Code of Civil Procedure.

There are various other points raised by the appellants for a reversal of the judgment and order; but a careful examination of the record leads us to the belief that no prejudicial error has resulted from the action of the trial court, and we therefore advise that the judgment and order be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.